Leobardo **FLORES–MONTANO**, aka **Leobardo Flores**, aka **Leovardo Flores**, aka **Scrappy Moniker**, aka **Leobardo Montano**, aka **Miguel Quinones, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 12–71417.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2015.

Filed Feb. 27, 2015.

Audra Rose Behne, Law Office of Audra R. Behne A Professional Corporation, Encino, CA, for Petitioner.

Monica Antoun, Esquire, Oil, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

**MEMORANDUM** *

Petitioner Leobardo Flores–Montano ("Flores–Montano") petitions for review of

---

* This disposition is not appropriate for publication and is not precedent except as provided

the Board of Immigration Appeals' (BIA) dismissal of his appeal of an Immigration Judge's (IJ) decision denying him adjustment of status and cancellation of removal. The BIA found that the IJ properly pretermitted the application because Flores–Montano was statutorily ineligible for relief under the Federal First Offender Act (FFOA), 18 U.S.C. § 3607, due to his 2004 conviction for possession of a controlled substance in violation of California Health and Safety Code § 11350(a).

We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the BIA's determination that a controlled substance conviction precludes immigration relief as a matter of law. *Estrada v. Holder*, 560 F.3d 1039, 1041 n. 1 (9th Cir.2009) (citing *Ramirez–Altamirano v. Mukasey*, 554 F.3d 786, 789 (9th Cir.2009)). The BIA's legal determinations are reviewed de novo. *See Nunez–Reyes v. Holder*, 646 F.3d 684, 688 (9th Cir.2011) (en banc); *Aguiluz–Arellano v. Gonzales*, 446 F.3d 980, 983 (9th Cir.2006).

Because Flores–Montano's drug conviction was in 2004, the prospective rule in *Nunez–Reyes*, 646 F.3d at 694, does not apply. We accordingly apply the reasoning of *Lujan–Armendariz v. INS*, 222 F.3d 728 (9th Cir.2000), which extended FFOA relief to expunged state convictions. The FFOA provides that first offenders may be placed "on probation for a term of not more than one year without entering a judgment of conviction" and "if the person has not violated a condition of his probation, the court shall ... dismiss the proceedings." 18 U.S.C. § 3607(a). However, Flores–Montano conceded, and the record discloses, that he violated his probation multiple times. Thus, Flores–Montano does not qualify for FFOA relief under *Estrada*, 560 F.3d at 1042.

by 9th Cir. R. 36–3.

Generally, if the BIA has not addressed a particular issue, " 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.' " *Gonzales v. Thomas*, 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam) (quoting *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam)). However, "remand is not required where, as here, the issue is purely legal and it involves an interpretation of the FFOA, a statute which the BIA is not charged with administering [and the] case requires no further agency expertise or evaluation." *Aguiluz–Arellano*, 446 F.3d at 984; *see also Halim v. Holder*, 590 F.3d 971, 979–80 (9th Cir.2009). The conclusion that the FFOA does not apply to Flores–Montano's conviction is purely legal, fully supported by the record, and requires no further agency expertise or evaluation. Therefore, Flores–Montano is removable and ineligible for adjustment of status. The petition is **DENIED**.